UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TROY MYRICK, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:06-CV-557 RM |
| THE CITY OF ELKHART, THE CITY OF GOSHEN; MICHAEL K. BROOKS, Elkhart County Sheriff's Department, CURTIS T. HILL, Elkhart County Prosecutor, THE ELKHART COUNTY DRUG TASK FORCE, PTL. MICHAEL McHENRY, Elkhart County Sheriff's Department, DET. JOHN FAIGH, Elkhart City Police Department, in their individual capacities, and such other individuals who are not known at this time, | ) |
| Defendants | ) |

OPINION AND ORDER

Troy Myrick filed suit against the defendants, The City of Elkhart, The City of Goshen, Michael K. Brooks, Curtis T. Hill, The Elkhart County Drug Task Force, Ptl. Michael McHenry and Det. John Faigh, for violating his right under the Fourth and Fourteenth Amendments to the United States Constitution to be secure in his own person and effects from unreasonable searches and seizures. The defendants, in four separate motions, ask the court to dismiss the plaintiff's claims for failure to state a claim under FED. R. CIV. P. 12(b)(6). Mr. Myrick did not respond to these motions. For the reasons set forth below, the court grants the defendants' motions to dismiss.

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its

underlying merits, see Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under FED. R. CIV. P. 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

    Mr. Myrick alleges that on August 11, 2004, the Elkhart County Drug Task Force, directed by Elkhart County Prosecutor Curtis T. Hill, and comprised of officers from the City of Elkhart, City of Goshen and Elkhart County Sheriff's Department, executed a search warrant at Myrick's Motorcycle and TNT Auto Sales located in Elkhart, Indiana.  While executing the search warrant, Detective Faigh and Patrolman McHenry, along with other officers, were asked by employees of Myrick's Motorcycle if they could place various motorcycles and other items indoors to protect them from possible theft.  The officers responded that they were going to be there all night going through everything with a "fine-toothed comb", and so no property could be placed indoors. The officers then advised the employees to lock the building and surrender the keys. The officers took no further precautionary measures to safeguard or secure the property left outdoors. The next morning the employees returned to discover that two motorcycles were missing.  Myrick and his employees made tehft reports that resulted in the recovery of one motorcycle in such a damaged condition that it could only be sold

2

for salvage value; the other motorcycle was never recovered.

Mr. Myrick alleges that the officers' actions amounted to an unlawful search and seizure and resulted in the damage and loss of his property. Mr. Myrick further alleges that the actions of the City of Elkhart, City of Goshen, Elkhart County Sheriff's Department and Elkhart County Prosecutor violated his constitutional rights by being deliberately indifferent to the need for training police officers in the proper handling of such situations and by maintaining an official policy, custom or practice of failing to handle such situations. Mr. Myrick seeks compensatory and punitive damages along with attorneys' fees.

The defendants argue that Mr. Myrick has not stated a claim since the motorcycles at issue were neither part of the search executed by the officers nor seized by the officers. Instead, the damage and loss occurred during the course of a theft by an unrelated party presumably after the officers had concluded their search. Since the Fourth and Fourteenth Amendments only protect persons from unreasonable searches and seizures by government agents, not by private citizens, Mr. Myrick's complaint does not state a claim.

The Fourth Amendment protects two types of expectations — one involving searches and the other seizures: "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). This protection "is wholly inapplicable 'to a search or seizure, even

an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official'." United States v. Jacobsen, 466 U.S. at 113 (*quoting* Walter v. United States, 447 U.S. 649, 662 (1980)).

In Bublitz v. Cottey, 327 F.3d 485 (7th Cir. 2003), a woman and child were killed when a tire-deflation device used during a high speed chase caused the fleeing car to veer to the right and strike the left side of the victim's car. The court emphasized that a Fourth Amendment seizure only occurs when there is a governmentally caused and desired termination of the freedom of movement through means intentionally applied. Bublitz v. Cottey, 327 F.3d at 489.

> The police officers involved in the high-speed pursuit of Kevin James did not intentionally apply *any* means in an attempt to terminate the freedom of movement of the Bublitz family - the unfortunate collision between James and the Bublitzes was not a means intended by police to stop the family, but rather an unintended consequence of an attempt to seize James. This would seem to preclude any finding that the Bublitz family was 'seized' by the police as a result of the crash.

Bublitz v. Cottey, 327 F.3d at 489.  In Schaefer v. Goch, 153 F.3d 793, 796-797 (7th Cir. 1998), the court held that no seizure occurred when an officer accidentally killed a hostage while in the course of taking down a criminal since there was no intent on the part of the officers to terminate the hostage's freedom of movement.

These cases teach that Mr. Myrick has not stated a claim. The officers at the scene never subjected the two motorcycles to a search or seizure; the motorocycles remained outside of business being searched and were stolen by an unknown

4

private individual, presumably after the search had concluded. The only connection between the officers and the motorcycles is that the officers would not let the cycles be brought inside during the search. The employees, though, were not told that the motorcycles had to remain outside unprotected: the employees could have secured them somewhere else or stayed with them until the search was over. The damage that was done to the motorcycles is solely attributable to an unrelated private citizen.

Since there was no constitutional violation on the part of the officers conducing the search, there cannot have been a constitutional violation on the part of the City of Elkhart, City of Goshen, Elhart County Sheriff's Department or Elkhart County Prosecutor by being deliberately indifferent to the need to train police officers in the proper handling of such situations or by maintaining an official policy, custom or practice of failing to handle such situations.

The court, therefore, GRANTS the defendants' motions to dismiss (Doc. Nos. 16, 18, 19, 21).

SO ORDERED.

Dated:   November 30, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court